

# NUMBER 13-21-00295-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAMES WILLIAM RUSAW JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

## On appeal from the 36th District Court
of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Silva**

Appellant filed a notice of appeal attempting to appeal convictions of both assault family violence-impeding breath and aggravated assault causing serious bodily injury entered by the 36th District Court of Aransas County, Texas on July 28, 2021. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed with a judgment of conviction entered on July 28, 2021. On September 9, 2021, a notice of appeal was filed. On September 15, 2021, the Clerk of the Court notified appellant that it appeared the appeal was not timely perfected. Appellant was advised the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM.

2

PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Additionally, the trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal" without permission of the Court. *See* TEX. R. APP. P. 25.2(a)(2).

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, this appeal is dismissed for want of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
28th day of October, 2021.